IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| STANLEY JOE NIX; aka STAN, CYNTHIA | § | CASE NO: 04-43356 |
| JANE NIX | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION AND ORDER
## DENYING OBJECTION TO EXEMPTION

Deborah Allison filed an objection to Debtors' claim of exemptions on September 7, 2006 [doc. no. 59]. A hearing was held on the objection on October 16, 2006, and the Court ordered briefs submitted thereafter. For the reasons stated below, Allison's objection is denied.

### Background

On September 17, 2004, Stanley and Cynthia Nix filed for chapter 7 bankruptcy. On May 12, 2005, Allison filed adversary 05-03351 seeking to determine the dischargeability of a debt owed to her by Debtors. An agreed judgment was entered in that adversary, finding that the debt owed by Stanley Nix ("Nix") was nondischargeable. The debt has not yet been satisfied.

Prior to bankruptcy, on May 5, 2003, Nix was involved in a slip and fall accident. Nix suffered serious personal injury. However, upon filing for bankruptcy, Nix did not list any personal injury claims on his schedules.

Nix contends that he did not schedule a personal injury claim based on the slip and fall because he did not believe he had a potential claim against the premises owner. Nix is a former attorney and handled at least one slip and fall case in his legal practice. Nix claims he did not believe he had a personal injury claim because he was familiar with the law surrounding slip and fall suits, and did not think he could meet the burden to establish a prima facie case.

On May 4, 2005, Nix filed a personal injury suit in state court based on his slip and fall incident. The suit was filed one day before the running of the statute of limitations. At this time, Nix did not amend his bankruptcy schedules.

On April 10, 2006, the defendant in the Nix slip and fall case, Sunbelt Rentals Inc., moved for summary judgment based on the doctrine of judicial estoppel. Specifically, Sunbelt claimed that Nix was estopped from asserting the personal injury claim in state court because he did not schedule the claim in his chapter 7 bankruptcy case. Nix then contacted the chapter 7 trustee in order to determine the estate's interest in the state court proceeding.

The parties to the state court suit, as well as the Trustee, attended mediation on April 28, 2006, and reached a settlement. Sunbelt agreed to pay $79,800.00. The interested parties agreed the money would be divided as follows: (a) attorney's fees of $26,600.00; (b) attorney's expenses of $4,785.62; (c) chapter 7 trustee share of $24,207.19; and (d) Nix's share of $24,207.19. There was no allocation concerning various categories of loss (e.g. pain and suffering, loss of income, etc.).

On August 11, 2006, Debtors amended their schedules B and C for the purpose of disclosing the slip and fall claim as exempt property. On August 17, 2006, Debtors filed second amended schedules B and C, this time allocating the personal injury settlement as follows: $18,450 for bodily injury; $6,000 for lost future earnings; and $975 for miscellaneous medical expenses and impairment.

On September 7, 2006, Allison objected to Debtors' second amended claim of exemptions. Allison contends that Nix had the requisite knowledge of a potential personal injury claim and was therefore required to disclose it on his schedules. Allison also contends that

Debtors' failure to disclose was not inadvertent but was in bad faith—Nix was seeking a windfall at the expense of his creditors by not disclosing the personal injury claim.

The Court held a hearing on the objection to exemption on October 16, 2006. The testimony of Nix was offered, and Allison had an opportunity to cross-examine. A deadline for additional briefs was set, and the matter taken under advisement.

### Objection to Exemption

In the Fifth Circuit "the general rule is to allow liberal amendment of exemption claims, absent bad faith, concealment of property, or prejudice to creditors." *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986). Claims may be amended at any time before the case is closed. *Id*; *see also*, FED R. BANKR. P. 1009(a). If a party-in-interest objects to a claimed exemption, that party bears the burden of proving that the exemptions are not properly claimed. FED. R. BANKR. P. 4003(c).

The term "bad faith" is "difficult to satisfy and require[s] factual analysis…. [Bad faith] requires more than a mistaken failure to list an asset or to claim an exemption. In sum, to have 'bad faith' there must be some form of deception." *McFatter v. Cage*, 204 B.R. 503, 508 (S.D. Tex. 1996).

At the first creditors meeting, Nix informed the Trustee that the reason he had filed for bankruptcy was because of mounting medical bills resulting from an accident. The Trustee did not inquire further, and Nix did not explain further. Nix claims that he did not have knowledge of a potential personal injury claim until after his second creditors' meeting. As a former attorney, Nix was somewhat familiar with the law surrounding slip and fall cases and thought his chances at establishing a case were slim. This is because Nix did not believe that there was any

foreign substance or dangerous condition that caused him to fall. He believed that he simply mis-stepped.

Approximately five days before the statute of limitations ran on Nix's slip and fall claim, Nix was contacted by an attorney who was handling another slip and fall case that occurred at the same location. That attorney filed suit on behalf of Nix one day before the statute of limitations ran. Nix claims that if he had thought that he had a viable personal injury case he would have filed it much sooner.

The Court finds Nix's testimony to be wholly credible. Nix considered the possibility of a personal injury claim after his accident, rejected the idea based on his knowledge of the law, and proceeded to file for bankruptcy. The fact that he filed his personal injury case only one day before the running of the statute of limitations and only a few days after being contacted by a attorney representing a client in a slip and fall on the same premises bolsters Nix's position.

On the other hand, Allison has not demonstrated that Nix engaged in any type of deception. Nix did not hide the fact that he had an accident; it was the stated basis for his filing of bankruptcy. Upon filing the personal injury suit, Nix listed his bankruptcy as other litigation in which he was involved. When an opportunity for mediation arose, Nix contacted the Trustee, who then took part in the mediation. Given the facts of the case, the lack of a showing of deception on the part of Nix, and the Fifth Circuit's policy for liberal amendment of exemptions, the Court denies Allison's objection to exemption of the personal injury settlement.

At the October 16th hearing, the Court also took evidence regarding the apportionment of the Debtors' personal injury exemption. The state court settlement did not apportion the amount awarded to Nix, other than to divvy the total award among Nix, Nix's attorney, and the Trustee. On their second amended Schedule C, the Debtors apportioned their share as follows: $18,450

- 5 -

for bodily injury; $6,000 for lost future earnings; and $975 for miscellaneous medical expenses and impairment.  Based on the evidence offered at the October 16th hearing, and as announced on the record at that hearing, the Court accepts this apportionment.

Signed at Houston, Texas, on November 27, 2006.

MARVIN ISGUR
United States Bankruptcy Judge